

BEIJING
BRUSSELS
CENTURY CITY
HONG KONG
LONDON
LOS ANGELES
NEWPORT BEACH

Times Square Tower
7 Times Square
New York, New York 10036-6524

TELEPHONE (212) 326-2000
FACSIMILE (212) 326-2061
www.omm.com

SAN FRANCISCO
SEOUL
SHANGHAI
SILICON VALLEY
SINGAPORE
TOKYO
WASHINGTON, D.C.

April 15, 2016

OUR FILE NUMBER
882,604-214

**VIA ECF**

WRITER'S DIRECT DIAL
(212) 326-4329

The Honorable Pamela K. Chen
United States District Court for the
Eastern District of New York
225 Cadman Plaza East, Chambers N 631
Brooklyn New York 11201

WRITER'S E-MAIL ADDRESS
mrobertson@omm.com

Re: *Sammy Rodgers v. American Airlines, Inc. et al.,*
*Case No. 1:16-cv-00731-PKC-RER (E.D.N.Y.)*

Dear Judge Chen:

We represent American Airlines, Inc. ("American" or the "Company") in this matter. Pursuant to Your Honor's Individual Practices and Rules, American requests a pre-motion conference regarding its intended motion to dismiss Plaintiff's complaint pursuant to Federal Rule of Civil Procedure 12(b)(1). As explained below, Plaintiff's claims should be dismissed because they are subject to the exclusive jurisdiction of a system board of adjustment.

Factual Background

Plaintiff is an American flight attendant. (Compl. ¶¶ 5, 13.) All flight attendants at American are represented by the Association of Professional Flight Attendants ("APFA"). (*Id.* ¶ 3.) In accordance with the Railway Labor Act, 45 U.S.C. § 151 *et seq.* (the "RLA"), American and APFA are parties to a collective bargaining agreement that governs the terms and conditions of employment of American's flight attendants (the "CBA"). (Ex. A to Compl. at 2-4.) And as mandated by the RLA, the CBA establishes a grievance procedure that culminates in final and binding arbitration before the System Board of Adjustment (the "System Board"). (*Id.* at 2.) *See also* 45 U.S.C. § 184. The System Board is comprised of two Company members, two union members, and a neutral arbitrator. (Ex. A to Compl. at 1, 46.) When a flight attendant is terminated and grieves his or her termination, as occurred here, the System Board determines whether there was just cause for the termination. (*Id.* at 2.)

In May 2010, American terminated Plaintiff's employment. (*Id.* at 29.) APFA grieved Plaintiff's termination to the System Board chaired by neutral arbitrator Jeffrey W. Jacobs, and the System Board sustained the grievance in an award issued on December 23, 2013 (the "Award"). (Compl. ¶¶ 7-8; Ex. A at 46.) The Award provides in relevant part:

> The grievant is … to be reinstated to his position as a flight attendant as soon as practicable. His reinstatement is with back pay and all contractually accrued benefits from July 13, 2011 to the date of his reinstatement herein. Back pay is subject to standard mitigation of damages and is reduced by any interim earnings. The union and grievant shall make available to the employer any appropriate documentation to verify such earnings. The arbitrator will retain jurisdiction to resolve any issues with regard to the remedy ordered hereunder.

(Compl. ¶ 9; Ex. A at 45.)

Plaintiff now purports to bring this action asserting that American has not complied with the remedy ordered by the System Board, including because American did not provide him with his share of Company equity that flight attendants were issued as part of American's Plan of Reorganization in its bankruptcy proceedings. (Compl. ¶ 18.)

American had not previously provided Plaintiff with his share of equity because it needed information from APFA before it could do so. APFA recently provided that information, and as a result, American has made a payment to Plaintiff for the value of such equity. To the extent that Plaintiff disagrees with the amount of equity or otherwise challenges American's compliance with the Award, American stands ready to submit the dispute to the System Board in accordance with the System Board's retention of jurisdiction, as it has expressly conveyed to Plaintiff. (Exs. 1-2.)

<u>The System Board Has Exclusive Jurisdiction Over This Dispute</u>

Under the RLA, a "minor dispute" is a grievance or matter involving the interpretation or application of a collectively-bargained agreement. *See Elgin, Joliet & E. Ry. Co. v. Burley*, 325 U.S. 711, 722-23 (1945). Under the RLA's statutory scheme, a minor dispute falls within the "mandatory, exclusive and comprehensive" jurisdiction of the applicable system board. *See Bhd. of Locomotive Eng'rs v. Louisville & Nashville R.R. Co.*, 373 U.S. 33, 36-38 (1963); *Andrews v. Louisville & Nashville R.R. Co.*, 406 U.S. 320, 322-24 (1972). Thus, courts do not have jurisdiction to resolve minor disputes.

Plaintiff's complaint raises a minor dispute. Whether an employer had just cause to discharge an employee inherently requires interpretation or application of the collective bargaining agreement and is, therefore, a minor dispute under the RLA. *See, e.g., Underwood v. Trans World Airlines, Inc.*, 710 F. Supp. 78, 85-86 (S.D.N.Y. 1989) (granting motion to dismiss because claim requires interpretation of the just cause provision of the collective bargaining agreement and is therefore a minor dispute). In evaluating whether American violated the CBA in terminating Plaintiff's employment, and in deciding what remedy to award, the System Board

had to interpret the CBA. And in so doing, the System Board appropriately retained "jurisdiction to resolve any issues with regard to the remedy ordered."

Plaintiff concedes this in his complaint but asserts that the System Board did not respond to his submissions because APFA did not join in them. (Compl. ¶¶ 19-20.) Plaintiff further claims that, absent relief from this Court, he is left without a remedy. (*Id.* ¶ 20.) As American has confirmed to Plaintiff, however, to the extent that there remains a dispute given that it has now provided Plaintiff with his share of Company equity, American stands ready to submit the dispute to the System Board.

For these reasons, Plaintiff's complaint should be dismissed, and American respectfully requests that the Court schedule a conference regarding its intended motion to dismiss.

       Respectfully submitted,

       /s/ Mark W. Robertson

       Mark W. Robertson
       of O'MELVENY & MYERS LLP

Attachments

cc: Sammy Rodgers (via Federal Express and e-mail)

UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK

| | |
|---|---|
| SAMMY RODGERS,<br><br>                Plaintiff,<br><br>-against-<br><br>AMERICAN AIRLINES, INC.,<br><br>                Defendant,<br><br>ASSOCIATION OF PROFESSIONAL FLIGHT ATTENDANTS,<br><br>                Nominal Defendant. | Civil Action No. 1:16-cv-00731-PKC-RER<br><br>**CERTIFICATE OF SERVICE** |

The undersigned hereby certifies that on April 15, 2016, the foregoing document was served on Plaintiff, via Federal Express overnight delivery and email, to: Sammy Rodgers, 2201 South Broadway Street, Little Rock, Arkansas 72206 (Telephone: 718-509-9288; Email: milktrain@live.com).

Dated: New York, New York           By: /s/ Mark W. Robertson
       April 15, 2016                                 Mark W. Robertson