# BREDHOFF & KAISER, PLLC

*Attorneys & Counselors*

Julia Penny Clark
Jeffrey R. Freund
Jeremiah A. Collins
Mady Gilson
Bruce R. Lerner
Andrew D. Roth
John M. West
Douglas L. Greenfield
Roger Pollak
Anne Ronnel Mayerson
Leon Dayan
Devki K. Virk
Robert Alexander
Matthew Clash-Drexler
Abigail V. Carter
Joshua B. Shiffrin
Jenifer A. Cromwell

805 Fifteenth Street NW
Washington, DC  20005
(202) 842-2600 TEL
(202) 842-1888 FAX
www.bredhoff.com

Elliot Bredhoff
(1921 – 2004)
Henry Kaiser
(1911 - 1989)

Jacob Karabell
Tanaz Moghadam
Thomas W. Perez-Lopez
Zachary Ista
Caitlin Kekacs
James Graham Lake
Adam M. Bellotti
----------
Patricia Polach
Kathleen Keller
Philip C. Andonian
Tearyn J. Loving
Of Counsel
----------
Robert M. Weinberg
Laurence Gold
Susan G. Lahne
Senior Counsel

April 20, 2016

<u>Via Electronic Case Filing</u>

Hon. Pamela K. Chen
United States District Court
225 Cadman Plaza East
Brooklyn, NY 11201

      Re:    *Rodgers v. American Airlines, Inc., et al.*,
              No. 1:16-cv-00731-PKC-RER

Dear Judge Chen:

      This letter is submitted on behalf of the Association of Professional Flight Attendants ("APFA"), which is named as a Nominal Defendant in the above-captioned matter.[1] In accordance with paragraph 3.A of the Court's Individual Practices and Rules, APFA responds as follows to the letter requesting a pre-motion conference filed on April 15, 2016 by Defendant American Airlines ("American").

<u>Background</u>

      APFA is the exclusive bargaining representative for the flight attendants employed by American. Following American's termination of the employment of Plaintiff Sammy Rodgers in 2010, APFA filed and arbitrated a grievance on Mr. Rodgers' behalf pursuant to the terms of the collective bargaining agreement between American and APFA and the Railway Labor Act. The System Board of Adjustment, chaired by neutral arbitrator Jeffrey W. Jacobs, issued its award on

---

[1] The Complaint neither asserts a claim nor seeks a remedy against APFA.

Hon. Pamela K. Chen
April 20, 2016
Page 2

December 23, 2013, ordering that Mr. Rodgers be reinstated to his position as a flight attendant with American and that he be provided with "back pay and all contractually accrued benefits from July 13, 2011 to the date of his reinstatement herein."

Mr. Rodgers contends in this lawsuit that while American has complied with the arbitration award in most respects, it has failed to provide his share of a company equity distribution, Complaint ¶ 12, to reinstate his proper seniority, *id.* ¶ 13, to pay pre- and post-judgment interest on his back pay and benefits, *id.*, ¶ 22, and that it has provided false information to credit bureaus, *id.* ¶ 14. He has brought this lawsuit to enforce the arbitration award under the Railway Labor Act, which governs labor relations in the airline industry.

Subsequent to the filing of this lawsuit, on or about April 13, 2016, American tendered to Mr. Rodgers a check in payment of the equity distribution he was owed.[2] On April 15, American filed a letter requesting a pre-motion conference on its proposed motion to dismiss the Complaint under Rule 12(b)(1).

Discussion

APFA agrees with American that Mr. Rodgers' lawsuit is without merit, although APFA does not fully subscribe to American's reasoning. We agree that claims for violation of the collective bargaining agreement, such as most of those Mr. Rodgers advances, are within the exclusive jurisdiction of the System Board of Adjustment over so-called "minor disputes." Thus, to the extent that the Complaint seeks relief for American's termination of his employment in 2010 that was not awarded by the SBA arbitrator, the Court lacks jurisdiction to entertain such claims. This would appear to be the case, in the first place, with respect to the claims for pre- and post-judgment interest, which were not provided for in the award.[3] And the Court similarly would have no jurisdiction to award Mr. Rodgers contractual benefits – such as seniority – going beyond the arbitrator's order that he be reinstated "with back pay and all contractually accrued benefits from July 13, 2011."

What the Complaint asserts in this latter regard is that American "failed to reinstate Rodgers to his proper seniority." APFA believes this assertion to be incorrect, as Mr. Rodgers' seniority was adjusted upon his return to work to correspond to the award that his contractual benefits be reinstated "from July 13, 2011." The Complaint contains no factual details describing the seniority adjustment Mr. Rodgers received, or what more he contends he is entitled to, and

---

[2] In its letter to the Court, American attempts to blame APFA for the delay in paying Mr. Rodgers' equity distribution. APFA strongly disagrees with that characterization of the facts.

[3] As to the claim that American provided false information to credit bureaus, that would appear to be an issue for state law. It was not addressed in the arbitration award, and would not have been within the jurisdiction of the System Board in the first place.

Hon. Pamela K. Chen
April 20, 2016
Page 3

this factual issue therefore would not appear to be susceptible of resolution on a motion to dismiss. For this reason, APFA has filed an answer, rather than moving to dismiss.

Finally, in one respect the Complaint does seek to enforce a provision of the arbitration award, namely with respect to the equity share distribution to which Mr. Rodgers was entitled as one of his contractual benefits. While that claim was properly put before the Court, it has subsequently been mooted through American's tender to Mr. Rodgers of a check for the amount he was owed.

American suggests at the conclusion of its letter – as well as in its letter of April 12, 2016 to Mr. Rodgers – that, "to the extent that there remains a dispute …, American stands ready to submit the dispute to the System Board." APFA respectfully suggests that there is no basis for such action. There *was* a dispute in this matter, resulting from American's termination of Mr. Rodgers' employment, and that dispute was considered and resolved by the System Board. The Board's award specified the relief to which Mr. Rodgers was entitled – restoration of contractually accrued benefits from July 13, 2011. To the extent American failed to comply with that order, Mr. Rodgers was entitled to seek enforcement of the award through legal action. And to the extent there is a factual dispute about whether American has indeed provided the relief that the System Board awarded, that is a matter for this Court to resolve in this enforcement action. But there exists no dispute between the parties to the System Board proceeding – American and APFA – about what was awarded, and accordingly there is no legal basis for returning the matter to the System Board to consider any argument by Mr. Rodgers that it should provide some additional relief beyond what it awarded in its decision of December 23, 2013.

APFA will of course be happy to appear at a pre-motion conference to discuss these issues further, should this Court so order.

                Sincerely yours,

                /s/ John M. West
                John M. West
                Counsel for Nominal Defendant APFA


cc:    Mark W. Robertson (via ECF)
        Sammy Rodgers (via e-mail and first-class mail)