# BREDHOFF & KAISER, PLLC

*Attorneys & Counselors*

Julia Penny Clark
Jeffrey R. Freund
Jeremiah A. Collins
Mady Gilson
Bruce R. Lerner
Andrew D. Roth
John M. West
Douglas L. Greenfield
Roger Pollak
Anne Ronnel Mayerson
Leon Dayan
Devki K. Virk
Robert Alexander
Matthew Clash-Drexler
Abigail V. Carter
Joshua B. Shiffrin
Jenifer A. Cromwell

805 Fifteenth Street NW
Washington, DC  20005
(202) 842-2600 TEL
(202) 842-1888 FAX
www.bredhoff.com

Elliot Bredhoff
(1921 – 2004)
Henry Kaiser
(1911 - 1989)

Jacob Karabell
Tanaz Moghadam
Thomas W. Perez-Lopez
Zachary Ista
Caitlin Kekacs
James Graham Lake
Adam M. Bellotti
----------
Patricia Polach
Kathleen Keller
Philip C. Andonian
Tearyn J. Loving
Of Counsel
----------
Robert M. Weinberg
Laurence Gold
Susan G. Lahne
Senior Counsel

July 7, 2016

<u>Via Electronic Case Filing</u>

Hon. Pamela K. Chen
United States District Court
225 Cadman Plaza East
Brooklyn, NY 11201

Re:   *Rodgers v. American Airlines, Inc., et al.*, No. 1:16-cv-00731-PKC-RER

Dear Judge Chen:

This letter is submitted on behalf of the Association of Professional Flight Attendants ("APFA"), which is named as a Defendant in the above-captioned matter. In accordance with paragraph 3.A of the Court's Individual Practices and Rules, APFA files this letter requesting a pre-motion conference regarding its intended motion to dismiss Plaintiff's complaint for failure to state a claim and/or for summary judgment.

**Background**

APFA is the exclusive bargaining representative for the flight attendants employed by Defendant American Airlines ("AA"). Following AA's termination of the employment of Plaintiff Sammy Rodgers in 2010, APFA filed and arbitrated a grievance on Mr. Rodgers' behalf pursuant to the terms of the collective bargaining agreement between AA and APFA and the Railway Labor Act ("RLA"). The System Board of Adjustment, chaired by neutral arbitrator Jeffrey W. Jacobs, issued its award on December 23, 2013, ordering that Mr. Rodgers be reinstated to his position as a flight attendant with AA and that he be provided with "back pay and all contractually accrued benefits from July 13, 2011 to the date of his reinstatement herein."

Mr. Rodgers filed his First Amended Complaint ("FAC") on June 21, 2016.  As relevant to the claims against APFA, the FAC alleges: that AA did not comply with the award of the System Board of Adjustment, ¶ 22; that the Railway Labor Act (RLA) is unconstitutional to the extent it requires that individuals rely on APFA as their exclusive representative, ¶¶ 43-44; that APFA damaged Plaintiff through its "negligence and legal malpractice," ¶ 68; and that APFA

damaged Plaintiff by breaching its fiduciary duty to Plaintiff, ¶ 83. As we explain below, each of these claims either fails to state a claim on which relief can be granted, is appropriate for summary judgment, or is preempted by the RLA's duty of fair representation. And to the extent Plaintiffs' claims can be construed to allege a breach of the duty of fair representation, they are barred by the statute of limitations.

Count I - Claim for Enforcement of the System Board of Adjustment's Award

In Count I, Plaintiff alleges that AA has failed to comply with the award because (1) it failed to provide him his equity stake until after filing this action; (2) it failed to accurately adjust his seniority; and (3) it misreported to credit bureaus that Plaintiff owes AA money for overpaid wages. FAC ¶ 20. As an initial matter, it is not clear that Plaintiff has standing to bring this claim. Plaintiff alleges a claim under 45 U.S.C. § 153(p), but that section is not applicable to carriers by air (including American Airlines). 45 U.S.C. § 181. In any event, none of the allegations in this count entitles Plaintiff to relief. First, as the complaint itself makes clear, Plaintiff has been provided with his equity stake, and he has no live claim related to that stake. Second, Plaintiff has been provided with appropriate seniority, a fact which APFA is prepared to prove. With respect to this specific issue—as to which the Amended Complaint alleges no specifics—APFA would provide an appropriate declaration demonstrating that Plaintiff received the relief ordered by the arbitral award, *i.e.* that his contractual seniority was restored as of the date ordered by the arbitrator. In this limited regard, APFA's motion would be treated as a motion for summary judgment. Third, any complaint that AA misreported information to credit bureaus arises outside the arbitral award, which entitled Plaintiff only to "reinstatement . . . with backpay and all contractually accrued benefits." FAC ¶ 10. As such, Plaintiff's claim is not cognizable on a petition to enforce the arbitral award. Finally, to the extent this count also seeks pre- and post-judgment interest, it likewise seeks benefits outside the award, which did not provide for pre- or post-judgment interest.

Count II - Claim that the RLA Statutory Scheme Denied Plaintiff Due Process

In Count II, Plaintiff alleges only that the statutory scheme established in the RLA for resolution of minor disputes denied him due process because it required him to rely on the APFA as his exclusive representative. FAC ¶¶ 43-44. This claim is thus nothing more than a facial attack on the constitutionality of the system of exclusive representation established by the RLA, and, as such, it fails to state a claim. *See Steele v. Louisville & N.R. Co.*, 323 U.S. 192, 198-99 (1944) (RLA's scheme for exclusive representation does not raise "constitutional questions" because representative must act on behalf of all employees it undertakes to represent).

Counts III and IV - Claims for Legal Malpractice and Breach of Fiduciary Duty

In Counts III and IV, Plaintiff claims that APFA committed legal malpractice and breached its fiduciary duty to Plaintiff. Both claims are premised on APFA's failure to raise certain issues to the arbitrator, including a claim to pre-award and post-award interest, the failure of AA to remove references to alleged debt owed to AA, and the failure to compel AA to reinstate Plaintiff to his full seniority. FAC ¶¶ 52-54; 73-75. Plaintiff also claims that APFA breached its fiduciary duty by failing to provide data to AA to enable it to calculate Plaintiff's equity stake, FAC ¶¶ 76, 79, but, as explained above, Plaintiff has no live claim related to his equity stake.

Case No. 1:16-cv-00731-PKC-RER
Page 3

Both of these state-law claims are preempted by the RLA's duty of fair representation. *See, e.g.*, *Lindsay v. Ass'n of Prof'l Flight Attendants*, 581 F.3d 47, 58-59 (2d Cir. 2009); *Cooper v. TWA Airlines, LLC*, 349 F. Supp. 2d 495, 507-08 (E.D.N.Y. 2004) ("state law claims . . . are 'mere refinements' of the duty of fair representation [and] are preempted . . . if [they are] based on the same conduct that would support a federal duty of fair representation claim or [if they] seek[] to vindicate the same rights as the federal duty of fair representation"). Here, the acts and omissions alleged in Plaintiff's complaint seek to vindicate the same rights that are protected by the federal duty of fair representation. Plaintiff's claims challenge APFA's conduct in administering its collective-bargaining agreement with AA by claiming, in essence, that such conduct was either negligent or in bad faith, which are claims subject to the duty of fair representation. Any such state-law claims are therefore preempted by the RLA. *See Lindsay*, 581 F.3d at 61; *Cooper*, 349 F. Supp. 2d at 508.

Properly construed as claims that APFA breached its duty of fair representation, it is apparent from the face of the complaint and from documents submitted by Plaintiff to the Court that Plaintiff's claims are barred by the statute of limitations. A six-month statute of limitations applies to duty of fair representation claims. *Robinson v. Pan Am. World Airways, Inc.*, 777 F.2d 84, 89 (2d Cir. 1985) (citing *DelCostello v. Teamsters*, 462 U.S. 151 (1983)). The limitations period begins to run when the employee "knew or reasonably should have known" of the union's alleged breach. *King v. N.Y. Tel. Co.*, 873 F.2d 36, 37 (2d Cir. 1989). Here, Plaintiff knew or should have known of the alleged acts or omissions by APFA that underlie Plaintiff's claims by July 14, 2014, when he filed a motion to intervene in the arbitral proceeding and claimed that "unless intervention is granted, this case may not come to completion unless the union agrees to take additional action which, to date, it seems reluctant to do." Dkt. No. 16 Ex. A.[1] Plaintiff's motion to intervene thus demonstrates that, as of July 14, 2014, he knew that APFA had not taken any action with respect to the alleged deficiencies in the award he received from the System Adjustment Board and that APFA was unlikely to do so in the future. *See also* Dkt. No. 16 Ex. B (refiling motion to intervene on February 26, 2015). Accordingly, Plaintiff's claims would have accrued well before August 4, 2015, six months before he filed his original complaint on February 4, 2016.

APFA will of course be happy to appear at a pre-motion conference to discuss these issues further, should this Court so order.

Sincerely yours,

 /s/  Adam Bellotti
John M. West (Admmitted *Pro Hac Vice*)
Adam Bellotti (Admmitted *Pro Hac Vice*)
Counsel for Defendant APFA

cc:     Mark W. Robertson (via ECF); Sammy Rodgers (via e-mail and first-class mail)

---

[1] Consideration of these motions to intervene is appropriate on APFA's proposed motion to dismiss both because the motions are referenced in the complaint, FAC ¶¶ 16-17, 21, 34-37, and because they were previously attached by Plaintiff to documents filed with the Court. *See Brass v. Am. Film Techs., Inc.*, 987 F.2d 142, 150 (2d Cir. 1993).