

# O'MELVENY & MYERS LLP

BEIJING
BRUSSELS
CENTURY CITY
HONG KONG
LONDON
LOS ANGELES
NEWPORT BEACH

Times Square Tower
7 Times Square
New York, New York 10036-6524
TELEPHONE (212) 326-2000
FACSIMILE (212) 326-2061
www.omm.com

SAN FRANCISCO
SEOUL
SHANGHAI
SILICON VALLEY
SINGAPORE
TOKYO
WASHINGTON, D.C.

OUR FILE NUMBER
882,604-214

WRITER'S DIRECT DIAL
(212) 326-4329

WRITER'S E-MAIL ADDRESS
mrobertson@omm.com

July 8, 2016

<u>**VIA ECF**</u>

The Honorable Pamela K. Chen
United States District Court for the
Eastern District of New York
225 Cadman Plaza East, Chambers N 631
Brooklyn New York 11201

Re:  *Sammy Rodgers v. American Airlines, Inc. et al.,*
*Case No. 1:16-cv-00731-PKC-RER (E.D.N.Y.)*

Dear Judge Chen:

Pursuant to Your Honor's Individual Practices and Rules, American Airlines, Inc. ("American" or the "Company") submits this pre-motion letter regarding its intended motion to dismiss Plaintiff's first amended complaint (Docket No. 18).

Plaintiff is an American flight attendant. (Am. Compl. ¶¶ 6, 10.) All flight attendants at American are represented by Defendant Association of Professional Flight Attendants ("APFA"). (*Id.* ¶ 28.) In accordance with the Railway Labor Act, 45 U.S.C. § 151 *et seq.* (the "RLA"), American and APFA are parties to a collective bargaining agreement that governs the terms and conditions of employment of American's flight attendants (the "CBA"). (Ex. A to Compl. at 2-4.)[1] As mandated by the RLA, the CBA establishes a grievance procedure that culminates in final and binding arbitration before the System Board of Adjustment (the "System Board"). (*Id.* at 2.) When a flight attendant is terminated and grieves his termination, as occurred here, the System Board determines whether there was just cause for the termination. (*Id.* at 2.)

In May 2010, American terminated Plaintiff's employment. (*Id.* at 29.) APFA grieved Plaintiff's termination to the System Board chaired by neutral arbitrator Jeffrey W. Jacobs, and it sustained the grievance in an award issued on December 23, 2013 (the "Award"). (Am. Compl. ¶ 9; Compl. Ex. A at 46.) The Award provides that Plaintiff is to be reinstated with back pay and all contractually accrued benefits (subject to mitigation of damages), and also that the neutral

---

[1] Paragraph 9 of Plaintiff's first amended complaint states: "A copy of the decision and determination is appended herewith as Exhibit A," but no exhibit was filed. (Docket No. 18.) The referenced exhibit was also attached as Exhibit A to Plaintiff's original complaint (Docket No. 1), and thus American cites that exhibit in this letter.

arbitrator "will retain jurisdiction to resolve any issues with regard to the remedy." (Am. Compl. ¶ 10; Compl. Ex. A at 45.)

In his first amended complaint, Plaintiff purports to assert six causes of action: (1) for enforcement of the award; (2) for a review of the award on due process grounds and a declaratory judgment that the RLA is unconstitutional; (3) legal malpractice against APFA; (4) breach of fiduciary duty against APFA; (5) Fair Debt Collection Practices Act violations against Divine & Service Ltd. ("D&S"); and (6) Fair Credit Reporting Act ("FCRA") violations against American and D&S. American intends to move to dismiss the two causes of action asserted against it—Counts I and VI.[2]

Count I

In Count I, Plaintiff alleges that American did not comply with the System Board's award by (1) failing to provide him with his share of equity; (2) failing to pay pre- and post-judgment interest; (3) making misrepresentations to credit bureaus; and (4) failing accurately to adjust his seniority. (Am. Compl. ¶ 20, Count I.) Based on the plain terms of the award, Plaintiff's allegations regarding the first three items fail to state a claim because Plaintiff admits that American paid him his equity, and the Award on its face in no way requires the payment of interest nor imposes obligations on American regarding reports to credit bureaus. (*Id.* ¶ 13; Compl. Ex. A at 45.)

As to Plaintiff's claim that American failed to adjust his seniority accurately (or to the extent the Court concludes Plaintiff has actually alleged a dispute regarding the payment of equity or interest), any such dispute is subject to the exclusive jurisdiction of the System Board. Under the RLA, a "minor dispute" is a dispute involving the interpretation or application of a collectively-bargained agreement. *See Elgin, Joliet & E. Ry. Co. v. Burley*, 325 U.S. 711, 722-23 (1945). Courts do not have jurisdiction to resolve minor disputes—only the applicable system board. *See Bhd. of Locomotive Eng'rs v. Louisville & Nashville R.R. Co.*, 373 U.S. 33, 36-38 (1963).

For this reason, "federal courts have no authority to enforce an award if it is not clear on its face," and questions concerning the meaning of an award are to be remanded to the system board for consideration. *Sabo v. Metro-N. Commuter R.R.*, 1997 U.S. Dist. LEXIS 2040, at *9 (S.D.N.Y. Feb. 27, 1997) (dismissing action regarding "dispute over the meaning of the Award" because the court has "no jurisdiction to interpret it"). "[T]he judicial duty to enforce an arbitration award … is neither a duty nor a license to interpret it." *Id.* at *11 (quoting *Bhd. Ry. Carmen Division v. Atchison, Topeka & Santa Fe Ry. Co.*, 956 F.2d 156, 160 (7th Cir. 1992)). Indeed, this is precisely why the System Board properly retained "jurisdiction to resolve any

---

[2] Counts III-V are not asserted against American. Count II does not state which defendant it is against but on its face appears to only attempt to assert a claim against APFA because it does not allege a single fact regarding conduct by American. For that reason, if Count II is somehow intended as against American, then it fails to state a claim against American.

issues with regard to the remedy ordered."  Because determining whether Plaintiffs' seniority was properly adjusted would require interpretation of the CBA and/or the award, the System Board has exclusive jurisdiction over Count I.  *See IBEW Sys. Council No. 7 v. Metro-N. R.R. Co.*, 2013 U.S. Dist. LEXIS 154340, at *8-9 (S.D.N.Y. Oct. 25, 2013) (granting motion to dismiss action to enforce award because the court could not enforce the award without interpreting it).[3]

Count VI

Count VI must be dismissed because Plaintiff has failed to state a claim that American violated the FCRA.  In order to pursue a private right of action against an entity that furnishes consumer information to a consumer reporting agency ("CRA"), a consumer must take the requisite statutory step of notifying the CRA about any dispute over the reported information—not the furnisher—and the furnisher must fail to investigate the dispute after notice from the CRA in accordance with the FCRA.  15 U.S.C. §§ 1681s-2(a)–(c), 1681i(a)(2); *Longman v. Wachovia Bank, N.A.*, 702 F.3d 148, 150–51 (2d Cir. 2012) (there is no private right of action against furnisher without consumer filing a dispute with the CRA).

Plaintiff, however, asserts only that American "submitted two false claims to various credit bureaus" and that "Plaintiff provided … American … with repeated and multiple disputes regarding the situation."  (Am. Compl. ¶¶ 97, 99.)  But Plaintiff does not plead that he provided proper notice of the dispute to any CRAs or that any CRAs notified American of Plaintiff's dispute.  Nor does Plaintiff allege that American failed to conduct a proper, timely investigation in response to a dispute notification from these CRAs.  Therefore, Plaintiff fails to state a FCRA claim against American.  *See Briggs v. Wells Fargo Bank, N.A.*, 2015 U.S. Dist. LEXIS 28145, at *11 (E.D.N.Y. Mar. 6, 2015) (granting motion to dismiss because pro se plaintiff failed to allege that he notified a CRA of the dispute and therefore the furnisher of information had no duty to investigate any alleged inaccuracies).

For these reasons, Plaintiff's claims against American should be dismissed pursuant to Rule 12(b)(6) and/or 12(b)(1).

Respectfully submitted,

/s/ Mark W. Robertson

Mark W. Robertson
of O'MELVENY & MYERS LLP

cc:    Sammy Rodgers (via Federal Express and e-mail)

---

[3] Plaintiff himself concedes this, by alternatively asking the Court to compel American "to bring the disputed matters to the System Board."  (Am. Compl. ¶ 16, Count I.)

UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK

SAMMY RODGERS,

                  Plaintiff,

        -against-

AMERICAN AIRLINES, INC.,
ASSOCIATION OF PROFESSIONAL
FLIGHT ATTENDANTS,
DIVINE & SERVICE LTD. a/k/a
D&S GLOBAL SOLUTIONS LTD.,

                  Defendants.

Civil Action No. 1:16-cv-00731-PKC-RER

**CERTIFICATE OF SERVICE**

      The undersigned hereby certifies that on July 8, 2016, the foregoing document was served

on Plaintiff, via Federal Express overnight delivery and email, to: Sammy Rodgers, 2201 South

Broadway Street, Little Rock, Arkansas 72206 (Telephone: 718-509-9288; Email:

milktrain@live.com).


Dated: New York, New York          By: /s/ Mark W. Robertson
      July 8, 2016                  Mark W. Robertson